IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00718-PAB-NRN

AUTOTECH TECHNOLOGIES, LP d/b/a
EZAUTOMATION, an Illinois Limited Partnership,

Plaintiff,

vs.

PALMER DRIVES CONTROLS AND SYSTEMS, INC., a Colorado Corporation, and
LYNN WEBERG,

Defendants.

---

**ORDER ON IN CAMERA REVIEW OF FINANCIAL STATEMENTS**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter came before the Court on a discovery dispute on October 14, 2021. *See* Dkt. #142 (Minutes of October 14, 2021 Discovery Hearing). In this commercial dispute, Defendant Palmer Drives Controls and Systems ("Palmer Drives") seeks unredacted copies of Plaintiff Autotech Technologies' ("Autotech") audited (and unaudited) financial statements with notes, including balance sheets. Autotech had produced copies of its financial statements, but those financial statements were produced in a redacted form and the notes of the auditor have also been redacted.

Palmer Drives argues that complete, unredacted versions of Autotech's audited financial statements are relevant and important to the assessment of Autotech's claimed damages in this case. The audited financial statements can be used to test the reasonableness of certain inputs used in Autotech's expert's damages analysis, for

example, by assessing and questioning assumptions relating to the incremental costs of financing production of the at-issue products. So says Palmer Drives' expert CPA Matthew Wester:

> It is common for experts rendering opinions concerning lost profits to review the types of records Defendants are seeking in order to not only evaluate the financial results of the business as a whole, but also to assess whether the inputs selected for the damages calculation are reliable. The documents produced by Plaintiff related to its expert's damages calculation contain a number of redactions and, in some cases, involve only portions of financial records that more routinely are examined as a whole.

Dkt. #142-9 at 2 (Decl. of Matthew W. Wester).

Per Wester's Declaration, the notes to the financial statements may describe other aspects of Autotech's business, such as details on financing availability, and include details explaining "the nature of specific line items reported in the financial statements." *Id*. at 3. Critical information in the notes might include information relating to Autotech's amount of debt and whether Autotech had sufficient cash flow to produce the products at issue in the litigation. In Mr. Wester's view, the failure of Autotech to provide the entirety of the audited financial statements to their own expert and to Palmer Drives makes it hard to test the reliability of Autotech's own net lost profits damages calculation. *Id*.

It should be noted that this is not some minor quibble. Autotech's own damages expert, Mr. Kenneth Mathieu, estimates that Autotech would have earned "net incremental profits up to $31.9 million" if it had obtained the contract that was allegedly interfered with by Palmer Drives. Dkt. #142-6 (Expert Report of Kenneth Mathieu). Palmer Drives should be able to test the assumptions underlying this damages figure

2

and also consider other documentary evidence that might undermine the plausibility of such a damages figure.

Autotech argues that all relevant information from the financial statements has been produced. Autotech redacted some information because it has a subsidiary, and the financial statements are consolidated financial statements that reflect irrelevant financial information about Autotech's subsidiary or related companies, which have nothing to do with Autotech's viability as a company or its ability to expand to produce the volume of products at issue in this case.

At the conclusion of the Discovery Hearing, I ordered Autotech's counsel to submit by October 25, 2021 unredacted versions of the financial statements, so that I could confirm whether the redactions are proper, or whether, instead, the financial statements should be produced to Palmer Drives without redactions to allow for better scrutiny by Palmer Drives' expert. *See* Dkt. #142 (Minutes of Discovery Hearing). Consistent with my Order, Autotech provided financial statements and balance sheets for years 2015–2020.

I have now reviewed the unredacted consolidated financial statements and compared them to the redacted versions that were previously produced to Palmer Drives. I have also reviewed the financial statements from 2015 and 2016, as well as balance sheets, which have not yet been produced to Palmer Drives. **I conclude that the entire unredacted financial statements, including the balance sheets, should be produced.**

First, I note that these documents should be produced as "High Confidential – Attorneys Eyes Only." Defense counsel should strictly abide by the protective order

provisions governing such documents. Any intentional or reckless violation of the protective order will be firmly dealt with by the Court.

Second, many of the redactions have to do with the consolidated nature of the financial statements and attempting to keep from Palmer Drives information about a foreign subsidiary. A review of the financial statements shows that the foreign subsidiary plays a minor role in the overall financial statement (with total current assets in 2019 less than three percent that of Autotech, and net sales less than a tenth of Autotech's net sales). For completeness and clarity, it is appropriate that the entire financial statement be provided, including information about the subsidiary.

Third, in terms of the Notes to the Financial Statements, many of the redactions have to do with related-entity transactions and the cash surrender value of a life insurance policy (which also insures a line of credit). Oddly, annual advertising costs have been redacted as well. Completely redacted is Note 5, which describes lease commitments and rent expenses of the company, presumably because it reflects certain related-party transactions. All of Note 6—which addresses multiple related-party transactions—is also redacted.

The Court is not a financial expert or a CPA. It is difficult for a judicial officer, unschooled in financial matters, to determine with specificity whether a particular line-item on a financial statement or a balance sheet will be relevant to a Autotech's damages calculation or the ability of Palmer Drives' financial expert to evaluate Autotech's expert report. However, this is a big case. The damages sought exceed $30 million. In light of the information on the financial statements (both redacted and unredacted), it is plausible that a some of the redacted information would be useful in

4

challenging the large claimed damages in the case. For example, if Autotech were to scale up production in order to meet the demand of a contract expected to generate more than $30 million in net profits, then it is to be expected that additional lines of credit would be required, along with perhaps more real estate. The notes of the financial statements address some of these issues.

Therefore, because these financial statements will be produced under the highest level of protection—"Confidential, Attorneys Eyes Only"—and because some of the redactions appear to this impartial observer to be potentially relevant in the assessment of Autotech's extremely large claimed damages, it is **HEREBY ORDERED** that unredacted version of Autotech's financial statements, including the balance sheets, from 2015 to the present be produced to Defendant Palmer Drives within 48 hours of the date of this Order.

Date: November 15, 2021.    BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge