IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 19-cv-00718-PAB-NRN

AUTOTECH TECHNOLOGIES, LP d/b/a EZAutomation, an Illinois limited partnership,

    Plaintiff,

v.

PALMER DRIVES CONTROLS AND SYSTEMS, INC., a Colorado Corporation, and
LYNN WEBERG,

    Defendants.

_____

**ORDER**

_____

This matter is before the Court on the defendants' Motion for Summary Judgment
[Docket No. 178]. The Court has jurisdiction under 28 U.S.C. § 1332.

## I.    BACKGROUND

Plaintiff Autotech Technologies, LP, doing business as EZAutomation ("EZAuto"
or "Autotech") is a manufacturer of industrial automation control products located in
Illinois. Docket No. 178 at 1, ¶ 1. Vikram Kumar is the president of EZAuto. *Id*. at 2,
¶ 7. Defendant Palmer Drives Controls and Systems, Inc. ("Palmer") is a panel shop
that assembles electrical control panels and products. *Id*. at 1-2, ¶ 3.[1] Defendant Lynn
Weberg is the president of Palmer. *Id*. at 2, ¶ 11.

---

[1] EZAuto denies this fact and argues that "Palmer buys automation products that
contain electrical components but does not assemble electrical components." Docket
No. 188 at 1, ¶ 3 (citing Docket No. 178-2 at 22:9-19). The Court deems this fact
undisputed because the deposition testimony that plaintiff cites states that Palmer

EZAuto's second amended complaint asserts claims for tortious interference with prospective economic advantage, breach of fiduciary duties, fraud, unjust enrichment, breach of contract, and promissory estoppel. *Id.*, ¶ 4. The claims involve the same alleged injury, which EZAuto describes as follows: "Defendants' wrongful conduct as described herein deprived the Plaintiff of sales to a customer known as Green CO2. . . and significant profits from such sales." *Id.*, ¶ 5. Green CO2 ("Green") is a manufacturer of carbon dioxide detection equipment in the foodservice, cannabis cultivation, and swimming pool industries and is operated by Dan Schneider and his son, David Schneider. *Id.* at 1, ¶ 2; Docket No. 188 at 1, ¶ 2; Docket No. 194 at 1, ¶ 2.

In July 2017, Green contacted EZAuto and expressed interest in developing a new controller for Green's carbon dioxide equipment (the "GreenTouch Controller"). Docket No. 178 at 2, ¶ 6.[2] Mr. Kumar flew to Ft. Collins, Colorado and met in person with the Schneiders to discuss the project. *Id.*, ¶ 7. Later that summer, Mr. Kumar contacted defendants and inquired whether Palmer was interested in serving as the systems integrator ("SI") for a project, but he did not identify Green as the customer. *Id.*, ¶ 9. In an August 11, 2017 email, Mr. Weberg responded that "[w]e look forward to the opportunity to partner with you on future projects." *Id.*, ¶ 11. In the same email, Mr. Weberg stated that "[w]e would appreciate the opportunity to earn your business and trust and become [sic] value partner to your organizations [sic] future success." *Id.* at 3,

---

"assemble[s] electrical control panels and products." *See* Docket No. 178-2 at 22:18-19.

[2] EZAuto denies this fact, citing the same deposition testimony of Dan Schneider. Docket No. 188 at 2, ¶ 6. EZAuto argues that "Dan Schneider contacted Autotech after noticing products on Autotech's website that could be used for the controller GreenCO2 was developing." *Id.* (citing Docket No. 178-1 at 17:21-18:19). EZAuto's response does not contradict the stated fact. The Court therefore deems this fact admitted.

¶ 12.  Palmer would bill Green separately for any goods or services that Palmer supplied to Green.  *Id.*, ¶ 15.[3]

On August 30, 2017 and September 1, 2017, Mr. Kumar sent Mr. Weberg's contact information to Green's president, Dan Schneider.  *Id.*, ¶ 16.  In the email, Mr. Kumar referred to Palmer as plaintiff's "local SI partner."  *Id.*  On September 1, 2017, EZAuto introduced Dan Schneider and David Schneider to Mr. Weberg by email.  *Id.*, ¶ 17.  On November 6, 2017, Green issued via email a project scope document ("Project Scope").  *Id.*, ¶ 18.  The Project Scope listed approximately a dozen vendors, including EZAuto and Palmer; the document described the vendor listing as "in no order and not limited to."  *Id.*, ¶ 19.[4]

In August 2017, Palmer hired a controls engineer, Dallas Trahan.  *Id.* at 4, ¶ 21.[5] Palmer specifically directed Mr. Trahan to use EZAuto's components for the Green

---

[3] EZAuto denies this fact because the statement is not supported by the cited evidence.  Docket No. 188 at 2, ¶ 15.  However, in reply, defendants acknowledge they cited the wrong docket number and provide the correct citation to the record, which supports the fact.  *See* Docket No. 194 at 2, ¶ 15 (citing Docket No. 178-5 at 83:18-24). The Court deems the fact undisputed.

[4] EZAuto denies this fact stating that it "was the sole manufacturer of HMI's and PLC's contemplated by the Project Scope, while other products were designated 'TBD' or 'to be decided.'"  Docket No. 188 at 3, ¶ 19 (citing Docket No. 178-10 at 11-12). EZAuto's citation does not support this assertion.  *See* Docket No. 178-10 at 12-13 (listing "EZAutomation PLC & HMI interfaces" as key components to be integrated into the finalized system, but the key components are "subject to change.").  The Project Scope lists a dozen vendors, "in no order and not limited to," "EZAutomation," "Palmer," and other vendors.  *Id.* at 16.  The Court deems this fact undisputed.

[5] EZAuto denies this fact on the basis that "Dallas Trahan was a trainee fresh out of college without any HMI or PLC experience," but does not contest that Palmer hired him for the position of controls engineer.  *See* Docket No. 188 at 3, ¶ 21.  The Court deems this fact undisputed.

project.  *Id*., ¶ 23.[6]  Mr. Trahan spent between 4 to 6 weeks of "pretty much full-time

development" on the project using plaintiff's products.  *Id*., ¶ 24.[7]  In an email on

November 30, 2017,  Mr. Trahan informed Mr. Kumar that David Schneider was working

on making changes to the Project Scope.  *Id*., ¶ 25.[8]  On December 5, 2017, via email,

Mr. Trahan declined Mr. Kumar's invitation to join him in a meeting with the Schneiders

on December 8, 2017 because he was already planning on meeting with the Schneiders

on December 7, 2017.  *Id*., ¶ 26.  In that same email, Mr. Trahan informed Mr. Kumar

that the project was moving forward using EZAuto's PLC.[9]  *Id*., ¶ 27.

Green desired some additional functionality for the GreenTouch Controller,

including the ability to send emails with attachments.  *Id*. at 4-5, ¶ 29.[10]  The author of

the Project Scope, David Schneider, upon questioning from plaintiff's counsel at his

deposition, admitted that this additional functionality requirement was not stated in the

---

[6] EZAuto denies this fact, but its denial does not address whether Palmer tasked
Mr. Trahan to use EZAuto's components for the project.  *See* Docket No. 188 at 3, ¶ 23.
The Court deems this fact undisputed.

[7] EZAuto denies this fact and states that "Dallas Trahan testified that he spent
'between four to eight weeks' as a systems integrator at Palmer."  Docket No. 188 at 3,
¶ 24 (citing Docket No. 178-4 at 176:4-5).  The cited deposition testimony states: "Q:
No, we're trying to find out how much time you spent on trying to serve as the system
integrator for the EZAutomation equipment to come into compliance with the Green
CO2 project scope document.  A:  Okay.  Between four to eight weeks of pretty much
full-time development on it."  Docket No. 178-4 at 175:25-176:5.  The Court deems this
fact undisputed.

[8] EZAuto denies this fact, but the cited evidence does not dispute the authenticity
of or contradict the content of the November 30, 2017 email.  *See* Docket No. 188 at 4,
¶ 25.  The Court deems this fact undisputed.

[9] The parties do not define "PLC."  *See generally* Docket Nos. 178, 188.  While
this acronym often refers to a programmable logic controller, the Court will simply
presume that PLC refers to a device that plaintiff produces.

[10] EZAuto denies this fact on the ground that this functionality was not needed by
Green.  Docket No. 188 at 4, ¶ 29.  However, EZAuto's citation does not support this
assertion.  *See* Docket No. 191-4 at 37-38, 142:1-145:8.  Accordingly, the Court deems
this fact undisputed.

Project Scope document.  *Id*. at 5, ¶ 30.  Green did not give Mr. Kumar any written notice of changes to the Project Scope.  *Id*., ¶ 31.

Dan Schneider's testimony is that, during the December 7, 2017 meeting, he directed Mr. Trahan to look at the products of other manufacturers.  *Id*., ¶ 34.  On December 8, 2017, Mr. Kumar met with the Schneiders to discuss the project.  *Id*., ¶ 35.  Prior to the project with Green, Palmer had never purchased products from a company named Unitronics.  *Id*. at 6, ¶ 42.  On January 11, 2018, Mr. Weberg informed Mr. Kumar via email of Green's decision to have Palmer build a prototype using Unitronics' components.  *Id*., ¶ 43.[11]  Palmer only purchased one system from Unitronics.  *Id*. at 7, ¶ 50.  Green did not purchase any products from Unitronics.  *Id*., ¶ 51.  Green decided to suspend development of its controller.  *Id*. at 7-8, ¶¶ 52-54.[12]

## II.   LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment.

---

[11] EZAuto disputes when Palmer built the prototype, but does not dispute the fact that Mr. Weberg informed Mr. Kumar via email of Green's decision to build a prototype using Unitronics' components.  *See* Docket No. 188 at 6, ¶ 43.  Accordingly, the Court deems this fact undisputed.

[12] EZAuto disputes what factors led Green to suspend the development of its controller, but does not dispute that Green suspended development of the controller.  *See* Docket No. 188 at 7, ¶ 53.  As a result, the Court deems this fact undisputed.

*Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is

"genuine" if the evidence is such that it might lead a reasonable jury to return a verdict

for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial,

it may satisfy its burden at the summary judgment stage by identifying a lack of

evidence for the nonmovant on an essential element of the nonmovant's claim."

*Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations

omitted).  "Once the moving party meets this burden, the burden shifts to the nonmoving

party to demonstrate a genuine issue for trial on a material matter."  *Concrete Works of

Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994).  The

nonmoving party may not rest solely on the allegations in the pleadings, but instead

must designate "specific facts showing that there is a genuine issue for trial."  *Celotex

Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted).  "To avoid summary

judgment, the nonmovant must establish, at a minimum, an inference of the presence of

each element essential to the case."  *Bausman*, 252 F.3d at 1115.  When reviewing a

motion for summary judgment, a court must view the evidence in the light most

favorable to the non-moving party.  *Id.*

### III.    ANALYSIS

Defendants move for summary judgment on EZAuto's claims for breach of

fiduciary duty and fraud.  Docket No. 178 at 11-15.  Defendants also move for summary

judgment on all claims in the event that the Court precludes EZAuto's damages expert

from testifying.  *Id*. at 15-16.

A. **Breach of Fiduciary Duty**

In order to establish a breach of fiduciary duty under Colorado law, a plaintiff

must prove: "1) the existence of a fiduciary relationship between plaintiff and defendant;

2) defendant's breach of the fiduciary duty; and 3) damages as a result of the breach."

*F.D.I.C. v. Refco Grp., Ltd.*, 989 F. Supp. 1052, 1080 (D. Colo. 1997); *see also Aller v.*

*Law Office of Carole C. Schriefer, P.C.*, 140 P.3d 23, 26 (Colo. App. 2005); Colo. Jury

Instr., Civil § 26:1.[13]  Defendants argue they are entitled to summary judgment on

plaintiff's claim for breach of fiduciary duty because there is no evidence that they owed

EZAuto a fiduciary duty.  Docket No. 178 at 11-12.  Defendants assert that EZAuto

cannot prove a fiduciary duty based on a "partnership" theory because it is undisputed

that EZAuto and Palmer were not co-owners and did not agree to share profits and

losses.  *Id*. at 12.  Furthermore, defendants argue there is no evidence that Mr. Weberg

served in his individual capacity as a partner or agent of EZAuto.  *Id*.  Defendants

therefore contend they are entitled to judgment as a matter of law because there is no

genuine issue of material fact concerning the absence of a partnership relationship or

any other type of fiduciary duty.  *Id*.

EZAuto responds that the fiduciary duty is not based on a partnership theory, but

rather arises out of the "confidential relationship" between the parties.  Docket No. 188

at 9, 11.  A confidential relationship "exists when one party justifiably reposes

confidence in another such that the parties drop their guard and assume that each side

---

[13] The parties assume that Colorado law applies.  *See, e.g.*, Docket No. 178 at
11; Docket No. 188 at 9; Docket No. 194 at 9-10.  Finding no reason to apply the law of
a different jurisdiction, the Court concurs and will apply Colorado law.  *Cf. Grynberg v.*
*Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments
assume that Colorado law applies, we will proceed under the same assumption.").

is acting fairly." *DerKevorkian v. Lionbridge Techs., Inc.*, 316 F. App'x 727, 737 (10th

Cir. 2008) (unpublished) (quoting *Lewis v. Lewis*, 189 P.3d 1134, 1143 (Colo. 2008)).

Under Colorado law, to establish a breach of a fiduciary duty arising from a confidential

relationship between two parties:

> there must be proof, among other things, that (1) either the reposing of trust and confidence in the other party was justified, or the party in whom such confidence was reposed either invited, ostensibly accepted, or acquiesced in such trust; (2) the alleged trustee assumed a primary duty to represent the other party's interest in the subject of the transaction; (3) the nature and scope of the duty that arose by reason of the confidential relationship extended to the subject matter of the suit; and (4) that duty was violated, resulting in damage to the party reposing such confidence.

*Id.* at 737-38 (quoting *Equitex, Inc. v. Ungar*, 60 P.3d 746, 752 (Colo. App. 2002)); *see*

*also Jarnagin v. Busby, Inc.*, 867 P.2d 63, 67 (Colo. App. 1993); Colo. Jury Instr., Civil

§ 26:3.  Furthermore, "[t]he confidential relationship. . . must be established prior to the

date of the transaction that gives rise to the claim." *DerKevorkian*, 316 F. App'x at 737

(quoting *Vikell Investors Pac., Inc. v. Kip Hampden, Ltd.*, 946 P.2d 589, 597 (Colo. App.

1997)).

EZAuto argues that evidence in the record supports all the conditions for the

imposition of a fiduciary duty arising out of a confidential relationship.  Docket No. 188

at 9-10.  EZAuto supports its argument with citations to Mr. Kumar's declaration, which

was filed under Docket No. 191-7.  *See id.*[14]  The Court's Practice Standards state that

if the party opposing the summary judgment motion

---

[14] In addition to citing Mr. Kumar's declaration in the argument section, EZAuto also cites its second amended complaint, Docket No. 121 at 14, ¶ 76, and "Ex. 95." Docket No. 188 at 10.  EZAuto did not submit an exhibit titled "Exhibit 95" with its brief and this exhibit appears nowhere on the docket.  Furthermore, paragraph 76 in EZAuto's second amended complaint is an allegation and does not reference evidence in the record.  *See* Docket No. 121 at 14, ¶ 76.  At the summary judgment stage, the

>believes that there exist additional disputed questions of fact. . ., the party shall, in a separate section of the party's brief styled "Statement of Additional Disputed Facts," set forth in simple, declarative sentences, separately numbered and paragraphed, each additional, material disputed fact which undercuts movant's claim that it is entitled to judgment as a matter of law.  Each separately numbered and paragraphed fact shall be accompanied by a specific reference to material in the record which establishes the fact or at least demonstrates that it is disputed.

Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.v. (emphasis omitted).  EZAuto did not include a "Statement of Additional Disputed Facts" section in its brief.  *See generally* Docket No. 188.

Nevertheless, EZAuto cites evidence that it asks the Court to consider on the issue of a confidential relationship, but has failed to comply with the Practice Standards for putting such evidence before the Court.  As the Practice Standard regarding summary judgment motions emphasizes, the "sole purpose of these procedures is to establish facts and determine which of them are in dispute."  Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.vii.   EZAuto has significantly compromised this process by not including a statement of facts in its response.  Had it done so, defendants would have been required to admit or deny those facts and provide a basis for any denials, which would assist the Court in determining what facts are undisputed and what facts are disputed.  Moreover, the requirement in the Practice Standards that a party opposing summary judgment state its facts in the form of statements is consistent with Fed. R. Civ. P. 56(e), which refers to "assertions of fact." Rule 56 distinguishes such assertions or statements of fact from the evidence that

---

nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial."  *Catrett*, 477 U.S. at 324 (quotations omitted).  Accordingly, the Court will not consider any facts from Exhibit 95 or paragraph 76 from the second amended complaint.

supports the assertions.  *See, e.g.*, Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support that assertion by: (A) citing to particular parts of materials in the record").  Thus, for EZAuto to simply cite to a declaration in its response frustrates the summary judgment process and violates the Court's Practice Standards.  As a result, the Court will not consider such evidence either to establish an undisputed fact or to raise a dispute of material fact.  As the Practice Standard on summary judgment states, "[f]ailure to follow these procedures may result in an order striking or denying the motion or brief or may cause the Court to deem certain facts as admitted."  Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.ix.

EZAuto provides no other facts to establish the existence of a fiduciary duty arising from a confidential relationship.  *See generally* Docket No. 188 at 9-13.  EZAuto bears the burden of persuasion at trial on the breach of fiduciary duty claim.  *See Refco Grp., Ltd.*, 989 F. Supp. at 1080.  Defendants have met their burden at the summary judgment stage by arguing that EZAuto lacks any evidence to establish the first element of the claim, the existence of a fiduciary duty.  *See* Docket No. 178 at 11-12; *see also Bausman*, 252 F.3d at 1115.  EZAuto has not put forth any evidence to establish the existence of a fiduciary duty, *see generally* Docket No. 188, and therefore EZAuto has failed to "establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115.

Accordingly, the Court grants defendants' motion for summary judgment on the breach of fiduciary duty claim.  *See* Fed. R. Civ. P. 56(e)(3) (stating that if a party fails to

properly support an assertion of fact, the Court may grant summary judgment if the motion shows that the movant is entitled to summary judgment).

### B. Fraud

The elements of a fraud claim in Colorado are: "(1) that the defendant made a false representation of a material fact; (2) that the one making the representation knew it was false; (3) that the person to whom the representation was made was ignorant of the falsity; (4) that the representation was made with the intention that it be acted upon; and (5) that the reliance resulted in damage to the plaintiff." *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013). "Unless the speaker making the representations deliberately falsified his or her intention to induce reliance, statements of future events are not actionable." *Nelson v. Gas Research Inst.*, 121 P.3d 340, 343 (Colo. App. 2005).[15]

Defendants argue that EZAuto cannot establish a fraud claim for several reasons. Docket No. 178 at 12-14. The second amended complaint alleges that "Defendants made several misrepresentations to Plaintiff to induce Plaintiff to introduce them to Green and to trust Defendants to protect Plaintiff's interests in their dealings with Green." Docket No. 121 at 19, ¶ 104. The second amended complaint also alleges that defendants sent an email to EZAuto on December 5, 2017 to mislead EZAuto into believing that defendants were protecting its interests. *Id*. at 19-20, ¶¶ 110-111. First, defendants argue there is no evidence that any statements made by defendants in August 2017 were "knowingly false when made" because the statements

---

[15] The parties assume that Colorado law applies. *See, e.g.*, Docket No. 178 at 12-13; Docket No. 188 at 14; Docket No. 194 at 7. Finding no reason to apply the law of a different jurisdiction, the Court concurs and will apply Colorado law.

were made before the defendants were introduced to Green.  Docket No. 178 at 13-14.

Defendants assert there is no evidence that defendants knew they were going to steer

the customer to a competitor's product before they knew the capabilities of EZAuto's

product or knew the customer's needs.  *Id*. at 13.  Second, defendants argue that

EZAuto cannot show that it took any action or relied upon Mr. Trahan's December 5,

2017 email.  *Id*. at 14.  Finally, defendants assert that any alleged misleading

statements to Green are not actionable because Colorado law requires that the plaintiff

must rely on the statement.  *Id*.

In response, EZAuto appears to argue that it has separate claims for "fraudulent

inducement" and "fraudulent concealment," but does not clearly distinguish between the

claims or directly address the defendants' arguments.  *See* Docket No. 188 at

16.  Similar to a fraud claim, a plaintiff must establish the following elements for a

fraudulent inducement claim: (1) the defendant made a knowing misrepresentation of a

material fact; (2) the plaintiff relied on the material misrepresentation; (3) the plaintiff

was justified in relying on the misrepresentation; and (4) the plaintiff suffered damages

as a result of that reliance.  *Bonanno v. Quizno's Franchise Co*., No. 06-cv-02358-WYD-

KLM, 2008 WL 638367, at *5 (D. Colo. Mar. 5, 2008); *Found. Learning LLC v. Acad.,

Arts, & Action Charter Acad*., 17-cv-03182-RM-KLM, 2019 WL 1077316, at *2 (D. Colo.

Mar. 7, 2019).

EZAuto argues that promises of future conduct are fraudulent when they are

made with no intention to keep the promises, or when made as part of a scheme to

defraud.  *Id*. at 14.  With no citation to the record, EZAuto states

> [b]y promising to protect Plaintiff's interests, to act as Plaintiff's partner and to
> use only Plaintiff's controller for the Green project, Defendants induced Plaintiff to

reveal its proprietary technology and that Green was the potential customer. In reliance on these promises, Plaintiff consented to Weberg and others at Palmer meeting with Green's representatives to further the use of Plaintiff's products for the project. Defendants knew nothing about Plaintiff's products, Green or the project until they were provided this information by Plaintiff.

*Id*. at 16. The Court presumes that EZAuto is referring to the information contained in Mr. Kumar's declaration, *see* Docket No. 191-7; however, as noted previously, the Court will not consider Mr. Kumar's declaration because EZAuto failed to comply with the Court's Practice Standards. EZAuto cites no other facts to show that defendants made a knowing misrepresentation of material fact, that EZAuto justifiably relied on the material misrepresentation, or that EZAuto suffered damages as a result of the reliance. *See generally* Docket No. 188. Accordingly, summary judgment is warranted on the fraudulent inducement claim because EZAuto has failed to establish "an inference of the presence of each element essential" to the claim. *See Bausman*, 252 F.3d at 1115.

The Court next turns to the fraudulent concealment claim. EZAuto argues that "concealment of information is fraudulent when a party has a duty to speak." Docket No. 188 at 14. In Colorado, the elements of fraudulent concealment are

> (1) the party concealed a material existing fact that in equity and good conscience should be disclosed; (2) the party knew it was concealing such a fact; (3) the other party was ignorant of the existence of the fact concealed; (4) the concealment was practiced with the intent that it be acted on; and (5) the concealment resulted in damage to the other party.

*Wood v. Houghton Mifflin Harcourt Pub. Co*., 569 F. Supp. 2d 1135, 1141 (D. Colo. 2008) (quoting *Poly Trucking, Inc. v. Concentra Health Servs*., 93 P.3d 561, 563 (Colo. App. 2004)). "Colorado courts look to the Restatement (Second) of Torts § 551(2) to determine whether a party has a duty in equity or conscience to disclose a material fact." *Id*. Section 551(2) recognizes that a party to a business transaction has a duty to

disclose (1) "matters known to him that the other is entitled to know because of a fiduciary or other similar relation of trust and confidence between them;" (2) "matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading;" and (3) "subsequently acquired information that he knows will make untrue or misleading a previous representation that when made was true or believed to be so."  Restatement (Second) of Torts § 551(2).

EZAuto argues that defendants had a duty to disclose pursuant to all three provisions in § 551(2) because defendants were in a fiduciary position; defendants "sly conduct" rendered their promises of loyalty to plaintiff misleading; and even if defendants' original representations were true, their later actions with Unitronics rendered their prior statements untrue.  Docket No. 188 at 17.  Even assuming that EZAuto has established a duty to disclose, it presents no arguments regarding the other four elements of a fraudulent concealment claim.  *See Wood*, 569 F. Supp. 2d at 1141.  Accordingly, because EZAuto has failed to establish "an inference of the presence of each element essential to the case," it has failed to meet its burden at the summary judgment stage.  *Bausman*, 252 F.3d at 1115.

Accordingly, the Court grants defendants' motion for summary judgment on the fifth claim for fraud.

### C. All Claims

Defendants argue they are entitled to summary judgment on all claims if the Court grants their motion to preclude the opinions and testimony of EZAuto's damages expert, Kenneth Mathieu, because plaintiff would have no other way to establish its lost profits.  Docket No. 178 at 15.  On February 23, 2023, the Court denied defendants'

motion to exclude Mr. Mathieu's lost profits opinion.  Docket No. 214 at 17, 25.

Accordingly, the Court rejects this argument.

## IV. CONCLUSION

It is therefore

**ORDERED** that the defendants' Motion for Summary Judgment [Docket No. 178]

is **GRANTED in part** and **DENIED in part**.

**ORDERED** that plaintiff's third claim for breach of fiduciary duty and fifth claim for

fraud are **dismissed with prejudice** against defendants.

DATED March 16, 2023.


BY THE COURT:

_____

PHILIP A. BRIMMER
Chief United States District Judge