IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 19-cv-00718-PAB-NRN

AUTOTECH TECHNOLOGIES, LP, d/b/a EZAutomation,

     Plaintiff,

v.

PALMER DRIVES CONTROLS AND SYSTEMS, INC., and
LYNN WEBERG,

     Defendants.
_____

**ORDER**
_____

     This matter is before the Court on Plaintiff's Motion to Reconsider [Docket No. 223].  The Court has jurisdiction under 28 U.S.C. § 1332.

**I.    BACKGROUND**

     The Court assumes the parties' familiarity with the background facts and procedural history in this case, which have been set forth in previous orders, *see* Docket Nos. 214, 218, and will not be repeated here except to the extent necessary to resolve the present motion.

     On March 16, 2023, the Court granted in part defendants' motion for summary judgment and dismissed plaintiff's claims for breach of fiduciary duty and fraud.  Docket No. 218 at 15.  In its response to the summary judgment motion, plaintiff Autotech Technologies ("Autotech" or "EZAuto") supported its argument with citations to Vikram Kumar's declaration.  *See* Docket No. 188 at 9-10.  However, the Court declined to consider Mr. Kumar's declaration because plaintiff failed to comply with the Court's

Practice Standards for putting such evidence before the Court.  Docket No. 218 at 8-10, 12-13.  The Court explained,

> EZAuto cites evidence that it asks the Court to consider on the issue of a confidential relationship, but has failed to comply with the Practice Standards for putting such evidence before the Court.  As the Practice Standard regarding summary judgment motions emphasizes, the "sole purpose of these procedures is to establish facts and determine which of them are in dispute."  Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.vii.  EZAuto has significantly compromised this process by not including a statement of facts in its response.  Had it done so, defendants would have been required to admit or deny those facts and provide a basis for any denials, which would assist the Court in determining what facts are undisputed and what facts are disputed.  Moreover, the requirement in the Practice Standards that a party opposing summary judgment state its facts in the form of statements is consistent with Fed. R. Civ. P. 56(e), which refers to "assertions of fact."  Rule 56 distinguishes such assertions or statements of fact from the evidence that supports the assertions.  *See, e.g.*, Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support that assertion by: (A) citing to particular parts of materials in the record").  Thus, for EZAuto to simply cite to a declaration in its response frustrates the summary judgment process and violates the Court's Practice Standards.  As a result, the Court will not consider such evidence either to establish an undisputed fact or to raise a dispute of material fact.

*Id.* at 9-10.  The Court found that plaintiff failed to establish each element essential for the breach of fiduciary duty and fraud claims and therefore granted summary judgment to defendants on these claims.  *Id.* at 10-14.

Plaintiff requests that the Court reconsider the summary judgment order.  Docket No. 223 at 1.  Defendants filed a response opposing the motion to reconsider.  Docket No. 224.  Plaintiff filed a reply.  Docket No. 225.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995).  Instead, motions for reconsideration fall within a court's plenary

power to revisit and amend interlocutory orders as justice requires.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962).  In order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders.  *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order).  Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  *See Echon v. Sackett*, No. 14-cv-03420-PAB-NYW, 2019 WL 8275344, at *2 (D. Colo. Feb. 12, 2019); *Cf. Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.").  Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## III.   ANALYSIS

Plaintiff seeks reconsideration of the Court's order for several reasons.  Docket No. 223 at 1-2.  First, plaintiff argues that it "complied with the Court's Practice

Standards and Federal Rule of Civil Procedure 56." *Id.* at 1.  Plaintiff contends that the plain language of the Practice Standards only requires the nonmovant to provide a "Statement of Additional Disputed Facts" and does not require the nonmovant to provide a statement of "undisputed" facts.  *Id.* at 2-3.  Plaintiff argues that it was not required to include facts from Mr. Kumar's declaration in the facts section because Mr. Kumar's declaration contains "undisputed" facts.  *Id.* at 3.  Second, plaintiff asserts that, to the extent plaintiff failed to comply with the Practice Standards, it was "in substantial compliance and its position was stated clearly enough that this dispute should be resolved on the merits, not based on a technical deviation from the Practice Standards." *Id.* at 1-2.   Plaintiff argues that Mr. Kumar's declaration establishes all the elements of the breach of fiduciary duty and fraud claims.  *Id.* at 10-12.  Third, plaintiff argues that its response to defendants' statement of undisputed facts establishes that there are material questions of fact related to the claims.  *Id.* at 2.

Plaintiff makes no argument that reconsideration is warranted due to the emergence of new evidence or legal authority.  *See generally id.*  Therefore, the Court interprets plaintiff's motion as claiming that the Court clearly erred in the application of its own Practice Standards and in granting summary judgment.

## A. Interpretation of Practice Standard § III.F.3.b.v.

"Considerable deference is accorded to the [district court's] interpretation and application of its own rules of practice and procedure."  *Bylin v. Billings*, 568 F.3d 1224, 1230 n.7 (10th Cir. 2009) (internal citation and alterations omitted); *see also Norwood v. United Parcel Serv., Inc.*, 57 F.4th 779, 789 (10th Cir. 2023) (recognizing that district courts have discretion in applying local rules and holding that the district court did not

abuse its discretion in ignoring plaintiff's broad citation to a 142-page deposition in plaintiff's summary judgment response).

The Practice Standards require the party opposing summary judgment, in a section of the brief entitled "Response to Statement of Undisputed Material Facts," to admit or deny the asserted material facts set forth by the movant.  Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.iv.  If the party opposing summary judgment

> believes that there exist additional disputed questions of fact. . ., the party shall, in a separate section of the party's brief styled "Statement of Additional Disputed Facts," set forth in simple, declarative sentences, separately numbered and paragraphed, each additional, material disputed fact which undercuts movant's claim that it is entitled to judgment as a matter of law.  Each separately numbered and paragraphed fact shall be accompanied by a specific reference to material in the record which establishes the fact or at least demonstrates that it is disputed.

*Id.*, § III.F.3.b.v. (emphasis omitted).  Plaintiff argues that, because Practice Standard III.F.3.b.v. references a "Statement of Additional Disputed Facts," but not a Statement of Additional Undisputed Facts, it reasonably interpreted the Practice Standards not to require any such statement of undisputed facts.  Docket No. 223 at 2-3.  Plaintiff argues that each fact in Mr. Kumar's declaration is undisputed.  *Id.* at 3-7.  Plaintiff requests that the Court reconsider its summary judgment order and not disregard the information in Mr. Kumar's declaration.  *Id.* at 8.

Defendants oppose plaintiff's motion for reconsideration and argue that the Court correctly interpreted its own Practice Standards.  Docket No. 224 at 5-6, ¶¶ 12-13.  Defendants assert that plaintiff failed to comply with the Practice Standards because plaintiff did not include a "Statement of Additional Facts."  *Id.* at 5, ¶ 12.  Defendants argue that they were denied the opportunity to admit or deny the facts in Mr. Kumar's

declaration.  *Id.* at 6, ¶ 13.  Defendants further contend that granting the motion to reconsider would "put the trial date in jeopardy."  *Id.* at 7, ¶ 16.

The Court rejects the plaintiff's interpretation of the Court's Practice Standard. Plaintiff's response to defendants' summary judgment motion did not characterize the statements in Mr. Kumar's declaration as "undisputed."  *See generally* Docket No. 188. In order to oppose a summary judgment motion, it is usually not material whether facts asserted by the opponent are disputed or undisputed since disputes of fact themselves can justify denying summary judgment.  Thus, there was no basis for the Court to presume that the facts in the declaration were "undisputed" and no reason for the plaintiff not to file a statement of facts.  There is no exception in the Practice Standards, or Rule 56, for "undisputed" facts to be stated outside of a statement of facts.  Had plaintiff included those facts in a statement of facts, defendants would have been required to admit or deny those facts, which would have assisted the Court in determining which facts are undisputed and what facts are disputed.  *See* Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.vi; Docket No. 218 at 9.  As the Court noted in the summary judgment order, plaintiff "significantly compromised [the summary judgment] process by not including a statement of facts in its response."  Docket No. 218 at 9.

However, under the circumstances of this case, reconsideration of the Court's summary judgment order on the issue of fiduciary duty is appropriate to avoid manifest injustice from not considering Mr. Kumar's declaration.  Although defendants state in their response to the motion for reconsideration that they were denied the opportunity to admit or deny the facts in the Kumar declaration, Docket No. 224 at 6, ¶ 13, it is clear

that defendants do not deny those facts.  Defendants' response is based on the argument that plaintiff fails to satisfy the standards for reconsideration, not that, had plaintiff properly filed a statement of facts, defendants would have contested those facts or argued something different than defendants did.  *See generally* Docket No. 224. Accordingly, the Court will consider the information in Mr. Kumar's declaration and will reconsider its order granting summary judgment in favor of defendants on the breach of fiduciary duty and fraud claims.[1]

## B. <u>Breach of Fiduciary Duty Claim</u>

In order to establish a breach of fiduciary duty under Colorado law, a plaintiff must prove: "1) the existence of a fiduciary relationship between plaintiff and defendant; 2) defendant's breach of the fiduciary duty; and 3) damages as a result of the breach." *F.D.I.C. v. Refco Grp., Ltd.*, 989 F. Supp. 1052, 1080 (D. Colo. 1997); *see also Aller v. Law Office of Carole C. Schriefer, P.C.*, 140 P.3d 23, 26 (Colo. App. 2005); Colo. Jury Instr., Civil § 26:1.  As discussed in the summary judgment order, defendants argued they were entitled to summary judgment on the breach of fiduciary duty claim because there is no evidence that they owed plaintiff a fiduciary duty.  Docket No. 218 at 7 (citing Docket No. 178 at 11-12).  Plaintiff responded that the fiduciary duty arises out of the "confidential relationship" between the parties and cited facts from Mr. Kumar's declaration.  *Id.* at 7-8 (citing Docket No. 188 at 9, 11).

---

[1] The Court rejects defendants' argument that granting the motion to reconsider would "put the trial date in jeopardy."  *See* Docket No. 224 at 7, ¶ 16.  As plaintiff notes, discovery is complete on the claims for breach of fiduciary duty and fraud.  Docket No. 225 at 3.

A confidential relationship "exists when one party justifiably reposes confidence in another such that the parties drop their guard and assume that each side is acting fairly." *DerKevorkian v. Lionbridge Techs., Inc.*, 316 F. App'x 727, 737 (10th Cir. 2008) (unpublished) (quoting *Lewis v. Lewis*, 189 P.3d 1134, 1143 (Colo. 2008)).  Under Colorado law, to establish a breach of a fiduciary duty arising from a confidential relationship between two parties:

> there must be proof, among other things, that (1) either the reposing of trust and confidence in the other party was justified, or the party in whom such confidence was reposed either invited, ostensibly accepted, or acquiesced in such trust; (2) the alleged trustee assumed a primary duty to represent the other party's interest in the subject of the transaction; (3) the nature and scope of the duty that arose by reason of the confidential relationship extended to the subject matter of the suit; and (4) that duty was violated, resulting in damage to the party reposing such confidence.

*Id.* at 737-38 (quoting *Equitex, Inc. v. Ungar*, 60 P.3d 746, 752 (Colo. App. 2002)); *see also Jarnagin v. Busby, Inc.*, 867 P.2d 63, 67 (Colo. App. 1993); Colo. Jury Instr., Civil § 26:3.  Furthermore, "[t]he confidential relationship. . . must be established prior to the date of the transaction that gives rise to the claim."  *DerKevorkian*, 316 F. App'x at 737 (quoting *Vikell Investors Pac., Inc. v. Kip Hampden*, *Ltd.*, 946 P.2d 589, 597 (Colo. App. 1997)).

Plaintiff argues that Mr. Kumar's declaration, as well as its response to defendants' statement of undisputed facts, establishes the elements of its claim for breach of fiduciary duty arising from a confidential relationship.  Docket No. 223 at 9-11. The Court agrees.  First, Mr. Kumar's declaration provides evidence that plaintiff justifiably reposed trust and confidence in defendants and that defendants invited the trust.  *See DerKevorkian*, 316 F. App'x at 737-38.  Mr. Kumar's declaration states that, in various communications, Mr. Weberg "promised that Palmer would in all respects be

honest, open and loyal to Autotech[,] would protect Autotech's interests. . . . [and] would act as Autotech's partner."  Docket No. 191-7 at 1, ¶ 3.  Mr. Kumar asserts that, "[b]ased on the foregoing assurances from Weberg, in September 2017[,] I disclosed to Weberg that the customer for the project we were discussing was Green.  I then put Weberg in direct contact with the owners of Green, Dan and David Schneider."  *Id.*, ¶ 5.  Mr. Kumar also states that he provided Mr. Weberg with proprietary information regarding the functionality of plaintiff's products that were going to be used for the Green project.  *Id.*, ¶ 6.  Mr. Kumar agreed that defendants could independently communicate with Green because he believed Mr. Weberg's assurances.  *Id.*, ¶ 7.[2]

Second, Mr. Kumar's declaration raises an inference that defendants assumed a primary duty to represent plaintiff's interest in the Green project.  *See DerKevorkian*, 316 F. App'x at 737-38.  Mr. Kumar's declaration states that, in various communications, Mr. Weberg promised that Palmer "would protect Autotech's interests." Docket No. 191-7 at 1, ¶ 3.  The declaration also states that Mr. Weberg promised that "Palmer was committed to using and promoting Autotech's products for the Green project."  *Id.* at 2, ¶ 8.  Third, the nature and scope of the duty extends to the subject matter of this suit, namely, the use of plaintiff's products for the Green project.  *See DerKevorkian*, 316 F. App'x at 737-38; Docket No. 223 at 11.

---

[2] In their reply to the summary judgment motion, defendants argued that plaintiff cannot establish that it reposed special trust or confidence in defendants regarding their contacts with Green when plaintiff possessed "unfettered access" to Green.  Docket No. 194 at 10.  The Court rejects this argument.  Allowing defendants to communicate directly with Green is only one aspect of the trust that plaintiff reposed on defendants. *See* Docket No. 191-7 at 1, ¶¶ 5-7.  Plaintiff puts forth additional evidence that it trusted defendants by disclosing Green's identity as the customer and revealing its proprietary information for the project.  *Id.*, ¶¶ 5-6.

Fourth, plaintiff's response to defendants' statement of facts raises a genuine issue of material fact as to whether the duty was breached, resulting in damage to plaintiff. *See DerKevorkian*, 316 F. App'x at 737-38.  Plaintiff cites evidence that on November 21, 2017, a Palmer employee contacted a competitor company, Unitronics, and stated that Palmer was looking at Unitronic's products "as an alternative to what the customer has requested."  Docket No. 188 at 6, ¶ 41 (citing Docket No. 122-9 at 18-20); *see also* Docket No. 191-14 at 5-6 (email from Mr. Weberg to the Schneiders discussing sharing Green's project scope document with Unitronics); Docket No. 191-11 at 1 (email from Mr. Weberg to the Schneiders discussing getting "better pricing" from Unitronics).  The Court found it was undisputed that, on January 11, 2018, Mr. Weberg informed Mr. Kumar via email of Green's decision to have Palmer build a prototype using Unitronics' components.  Docket No. 218 at 5.  Finally, evidence creates an inference that the confidential relationship was established before the date of the transaction that gives rise to this claim.  *See DerKevorkian*, 316 F. App'x at 737.  Mr. Kumar states that he did not disclose the identity of the customer, Green, until Mr. Weberg promised that Palmer would be "honest, open, and loyal" to plaintiff.  Docket No. 191-7 at 1, ¶¶ 2-5.

Accordingly, because plaintiff has established evidence on each element of the claim, *see Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001), the Court grants this portion of the motion to reconsider.  Therefore, the portion of the Court's summary judgment order that dismissed plaintiff's claim for breach of fiduciary duty is vacated.  Plaintiff's claim for breach of fiduciary duty is reinstated and will proceed to trial on May 22, 2023.

## C. <u>Fraud Claim</u>

The elements of a fraud claim in Colorado are: "(1) that the defendant made a false representation of a material fact; (2) that the one making the representation knew it was false; (3) that the person to whom the representation was made was ignorant of the falsity; (4) that the representation was made with the intention that it be acted upon; and (5) that the reliance resulted in damage to the plaintiff." *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013). "Unless the speaker making the representations deliberately falsified his or her intention to induce reliance, statements of future events are not actionable." *Nelson v. Gas Research Inst.*, 121 P.3d 340, 343 (Colo. App. 2005).

Plaintiff argues that Mr. Kumar's declaration establishes all the elements of its fraud claim. Docket No. 223 at 12. Plaintiff asserts that Palmer promised it would remain loyal to plaintiff and that plaintiff justifiably relied on this misrepresentation by disclosing the identity of the customer, providing proprietary information to defendants, and introducing defendants to Green. *Id.* However, Mr. Kumar's declaration does not establish that Mr. Weberg's statements before September 2017 – which are statements of future events and not actionable without evidence of deliberate falsification, *see Nelson*, 121 P.3d at 343 – were false when Mr. Weberg made the statements. *See generally* Docket No. 191-7. Accordingly, Mr. Kumar's declaration does not establish the elements of a fraud claim. In its response to the summary judgment motion, plaintiff argued that several other pieces of evidence indicate that defendants never intended to keep their promises. Docket No. 188 at 16. Plaintiff asserted that Palmer never trained an engineer to program plaintiff's controller. *Id.* However, as discussed in the summary

judgment order, the undisputed evidence is that Palmer hired a controls engineer, Dallas Trahan, and he worked between 4 to 6 weeks of "pretty much full-time development" on the Green project using plaintiff's products.  Docket No. 218 at 3-4.  Plaintiff also argued that in November 2017 defendants began plotting to have Unitronics replace plaintiff as the supplier.  Docket No. 188 at 16.  However, plaintiff points to no facts that support an inference that defendants knew that Mr. Weberg's statements before September 2017 were false when Mr. Weberg made the statements.  Plaintiff also presents no evidence that defendants knew they were going to promote a competitor's product before defendants had any knowledge of the customer's identity or any specific information about Green's project.  Accordingly, plaintiff has failed to raise a genuine issue of material fact that any statements defendants made to plaintiff before being introduced to Green were deliberately false.  *See Nelson*, 121 P.3d at 343.

In its response to the summary judgment motion, plaintiff additionally argued that "concealment of information is fraudulent when a party has a duty to speak."  Docket No. 188 at 14.  In Colorado, the elements of fraudulent concealment are

> (1) the party concealed a material existing fact that in equity and good conscience should be disclosed; (2) the party knew it was concealing such a fact; (3) the other party was ignorant of the existence of the fact concealed; (4) the concealment was practiced with the intent that it be acted on; and (5) the concealment resulted in damage to the other party.

*Wood v. Houghton Mifflin Harcourt Pub. Co.*, 569 F. Supp. 2d 1135, 1141 (D. Colo. 2008) (quoting *Poly Trucking, Inc. v. Concentra Health Servs.*, 93 P.3d 561, 563 (Colo. App. 2004)).  "Colorado courts look to the Restatement (Second) of Torts § 551(2) to determine whether a party has a duty in equity or conscience to disclose a material

fact."  *Id.*[3]  The Court held in its summary judgment order in this case that, "[e]ven assuming that EZAuto has established a duty to disclose, it presents no arguments regarding the other four elements of a fraudulent concealment claim."  Docket No. 218 at 14 (citing *Wood*, 569 F. Supp. 2d at 1141).  In its motion for reconsideration, plaintiff argues that, although it presented no legal argument on the elements of a fraudulent concealment claim, it presented facts to support all the elements.  Docket No. 223 at 14. The Court finds no clear error in its ruling that plaintiff failed to present any arguments regarding the other elements of a fraudulent inducement claim.  Furthermore, plaintiff has failed to put forth any evidence to show that defendants' purported concealment of any facts was "practiced with the intent that it be acted on."  *See Wood*, 569 F. Supp. 2d at 1141.[4]

Because plaintiff has not shown that the prior ruling on the fraud claim was clearly in error, the Court denies this portion of plaintiff's motion for reconsideration. *See Echon*, 2019 WL 8275344, at *2.

## IV.   CONCLUSION

It is therefore

**ORDERED** that Plaintiff's Motion to Reconsider [Docket No. 223] is **granted in part** and **denied in part**.  It is further

---

[3] Section 551(2) recognizes that a party to a business transaction has a duty to disclose (1) "matters known to him that the other is entitled to know because of a fiduciary or other similar relation of trust and confidence between them;" (2) "matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading;" and (3) "subsequently acquired information that he knows will make untrue or misleading a previous representation that when made was true or believed to be so."  Restatement (Second) of Torts § 551(2).

[4] With no citation to the record, plaintiff asserts in its motion that "Defendants intended that Plaintiff act on their concealment."  Docket No. 223 at 14.

**ORDERED** that the portion of the Court's Order [Docket No. 218] is **VACATED** to the extent that it dismissed plaintiff's claim for breach of fiduciary duty.  It is further

**ORDERED** that plaintiff's claim for breach of fiduciary duty is **REINSTATED**.

DATED May 15, 2023.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge