IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00718-PAB-NRN

AUTOTECH TEHCNOLOGIES, LP, d/b/a EZAUTOMATION, an Illinois Limited
Partnership,

      Plaintiff,

v.

PALMER DRIVES CONTROLS AND SYSTEMS, INC., a Colorado Corporation, and
LYNN WEBERG,

      Defendants.

---

## ORDER

---

      This matter comes before the Court on Plaintiff's Motion for Attorney Fees and
Interest [Docket No. 320]. On June 5, 2024, defendant Palmer Drives Controls and
Systems, Inc. ("Palmer") filed a response. Docket No. 322.

## I.    BACKGROUND

      Beginning on May 22, 2023, a five-day jury trial took place in this case. Docket
No. 298 at 1. At the conclusion of the trial, the jury found in favor of plaintiff Autotech
Technologies, LP d/b/a, EZAUTOMATION ("Autotech"). *Id*. Specifically, the jury found
in favor of Autotech on its claims for breach of contract, intentional interference with
prospective business relations, and breach of fiduciary duty arising from a confidential
relationship, finding that Autotech suffered damages in the amount of $195,000. Docket
No. 296 at 1-2. On July 10, 2023, Palmer filed for Chapter 11, Subchapter V,
bankruptcy. Docket No. 311. The Court administratively closed this case pending

resolution of Palmer's bankruptcy petition.  Docket No. 314 at 2.  On May 1, 2024, the Court reopened the case upon the bankruptcy court granting Autotech's motion for relief from automatic stay so that it could refile its motion for attorneys' fees.  Docket No. 316.

In the present motion, Autotech requests $98,039 in attorneys' fees for having obtained a favorable judgment on its breach of fiduciary duty claim, as well as a prejudgment interest award of $91,518.97 and a postjudgment interest award amount that is to be determined.  Docket No. 320 at 11.  Palmer argues that Autotech is not entitled to attorneys' fees because it does not fall under the breach of trust exception to the American Rule regarding attorneys' fees.  Docket No. 322 at 1–4.  Even if Autotech is entitled to attorneys' fees, Palmer argues that the "$98,039 figure is completely arbitrary and grossly inflated."  *Id*. at 4.  Further, Palmer opposes an award of prejudgment interest because it is not clear whether the damages awarded by the jury were allocated for past, present, or future lost profits.  *Id*. at 4–6.

## II.    ANALYSIS

### A.    <u>Attorneys' Fees for Breach of Fiduciary Duty Claim</u>

Generally, Colorado follows the American Rule that a prevailing litigant cannot recover an award of attorneys' fees absent a statute, court rule, or private contract to the contrary.[1]  *Bernhard v. Farmers Ins. Exch.,* 915 P.2d 1285, 1287 (Colo. 1996).  Colorado courts, however, have fashioned an exception to this rule in breach of trust actions where a fiduciary holds funds in trust for the benefit of a party who is ultimately injured by the breach.  *Heller v. First Nat'l Bank*, 657 P.2d 992, 999 (Colo. App. 1982);

---

[1] Both parties assume Colorado law applies to the issue of attorneys' fees. Moreover, Autotech's claim for breach of fiduciary duty was brought under Colorado state law.  *See* Docket No. 121 at 13–18, ¶¶ 71–102.

*Buder v. Sartore*, 774 P.2d 1383, 1390 (Colo. 1989).  Although the exception to the American Rule originated in breach of trust actions, Colorado courts have extended the doctrine to breach of fiduciary duty actions.  *See, e.g., In re Estate of Shuler*, 981 P.2d 1109, 1113 (Colo. App. 1999) (noting that a beneficiary in a breach of fiduciary duty claim against his or her personal representative may recovery attorneys' fees, but declining an attorneys' fee award); *In re Conservatorship of Roth*, 804 P.2d 265, 267 (Colo. App. 1990) (successful beneficiary in breach of fiduciary duty action against bank custodian may recover attorneys' fees).  However, the breach of fiduciary duty exception only "broadened the application of the breach of trust exception to breaches of fiduciary duty that are closely analogous to a breach of trust."  *In Int. of Delluomo v. Cedarblade*, 328 P.3d 291, 294 (Colo. App. 2014).  There must be the "type of fund, type of wrong, or type of wrongdoer at issue in *Heller* and *Buder*" for the exception to apply and the injured party to be eligible to recover attorneys' fees.  *Id*.

The rationale underlying the breach of duty exception is that an award of attorneys' fees in a breach of duty action is necessary to make the injured party whole.  *Heller*, 657 P.2d at 999–1000.  As the Colorado Court of Appeals noted in *Moore v. Edwards*, 111 P.3d 572, 574 (Colo. App. 2005), the ability "to recoup funds misappropriated by a fiduciary through a successful lawsuit would likely be a meaningless exercise to a beneficiary without a rule allowing for an award of attorney fees."

Palmer and Autotech were partners on a project, whereby Palmer introduced the project's client to one of Autotech's competitors, whose products the client ultimately used rather than Autotech's.  Docket No. 121 at 3–11, ¶¶ 7–58.  The jury found that

3

Palmer breached its fiduciary duty to Autotech arising from a confidential relationship between the Palmer and Autotech. Docket No. 296 at 1. Specifically, the jury found that (1) Autotech had a confidential relationship with Palmer; (2) Autotech justifiably placed trust and confidence in Palmer, or that Palmer invited, accepted, or appeared to accept Autotech's trust; (3) Palmer assumed a duty to represent Autotech's interests in the transaction at issue; (4) Palmer had a duty to represent Autotech's interests by reason of a confidential relationship; and (5) Palmer violated its duty, causing damage to Autotech. Docket No. 292 at 20–21.

In *Cedarblade*, the defendant was a beneficiary of the plaintiff's trust. 328 P.3d at 292. The defendant unduly influenced the plaintiff to transfer real property from the trust, resulting in the appointment of a guardian ad litem who sued the defendant on the estate's behalf for a breach of fiduciary duty. *Id*. at 292–93. The jury found that the defendant breached her fiduciary duty, stemming from her confidential relationship with the plaintiff. *Id*. at 293, 296. The appellate court, however, found that the defendant's "breach of fiduciary duty stemming from her confidential relationship with [the plaintiff] did not closely resemble a breach of trust." *Id*. at 296. In contrast to a "trustee's duty [that] springs from the underlying legal agreement to manage property and is bounded by the scope of that relationship . . . the duty of a confidential relation arises from superiority and influence, is borne by the individual, is not expressly agreed upon, and involves property only incidentally." *Id*. Thus, the court reversed the ruling of the trial court that the plaintiff was entitled to attorneys' fees under the American Rule. *Id*. at 297

4

*Cedarblade* is instructive regarding the facts of this case.  Here, the jury found that Palmer violated a fiduciary duty borne out of a confidential relationship.  Docket No. 296 at 1.  Although Palmer breached its fiduciary duties to Autotech by suggesting the products of one of Autotech's competitors to the client, Palmer did not violate a "legal agreement to manage property."  *See Cedarblade*, 328 P.3d at 296.  Like the defendant in *Cedarblade*, Palmer "had no control over the funds until after [it] had completed [its] wrongful act" and it "did not have a duty to manage the funds for a beneficiary who was ultimately injured by [its] breach."  *Id*. at 296–297.  Accordingly, the Court finds that Autotech does not fit within an exception to the American Rule and is not entitled to attorneys' fees.

### B.  Prejudgment and Postjudgment Interest Award

Autotech requests prejudgment interest at the Colorado statutory rate of 8% per annum compounded annually.  Docket No. 320 at 10; *see also* Colo. Rev. Stat. § 5-12-102(b).  Palmer notes that prejudgment interest may not be awarded on future profits, only on past profits.  Docket No. 322 at 5, ¶ 11.  Palmer argues that Autotech failed to request interrogatories in the verdict form that would reflect whether that jury was awarding past or future profits or both.  *Id.*, ¶ 13.  As a result, Palmer claims that the information in the general verdict form, which does not differentiate between past and future profits, prevents the Court from determining whether an award of prejudgment interest is appropriate because there is "no record upon which the Court may discern what portion of the jury award consists of past lost profits."  *Id*. at 5–6, ¶ 14.  Autotech also requests a postjudgment interest award.  Docket No. 320 at 11.

"[P]rejudgment interest may not be awarded for future lost profits or earnings."

*Bennett v. Greeley Gas Co.*, 969 P.2d 754, 766 (Colo. App. 1998).  "In the case of a

general verdict, the district court is required to make findings regarding the entitlement

to prejudgment interest, the rate of interest and the date from which interest accrues."

*Lowell Staats Mining Co. v. Pioneer Uravan, Inc.*, 878 F.2d 1259, 1269 (10th Cir. 1989).

While it is "incumbent on the court to keep in mind that difficulty in computation, as

opposed to impossibility of determination, does not weigh against an award of

prejudgment interest," *Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1208 (Colo. App.

2009), the plaintiff bears the burden of proving, based on uncontroverted facts, that the

damages were based on lost profits, not future lost profits, and that the jury did not

already account for prejudgment interest.  *Netquote, Inc. v. Byrd*, No. 07-cv-00640-

DME-MEH, 2009 WL 902437, at *13 (D. Colo. Apr. 1, 2009) (applying Colorado state

law).

The jury found that Autotech suffered $195,000 in damages from Palmer's

breach of contract, intentional interference with prospective business advantage, and

breach of fiduciary duty.  Docket No. 296 at 2.  The relevant jury instructions stated:

> Instruction No. 16: If you find in favor of Autotech on its claim for breach of
> contract . . ., then you must award it general or nominal damages . . . .  Autotech
> seeks general damages in the form of lost profits.
>
> . . .
>
> Instruction No. 17: If you find in favor of Autotech on its claim for intentional
> interference with prospective business relations . . ., you must determine the total
> amount of its damages, if any, that were caused by Palmer's interference with
> prospective business relations.  In determining these damages, you shall
> consider any economic losses that Autotech has had or probably will have in the
> future, including any lost profits.
>
> . . .

6

> Instruction No. 18: If you find in favor of Autotech on its claim breach of fiduciary duty . . ., you must determine the total amount of its damages, if any, that were caused by the breach of fiduciary duty by Palmer and/or Mr. Weberg.  In determining such damages, you shall consider any economic losses which Autotech has had or probably will have in the future, including any lost profits which Autotech could reasonably have expected to earn had the fiduciary duty not been reached.
>
> . . .
>
> Instruction No. 21:  Autotech has sued for the same damages, lost profits, on three different claims for relief.  If you find for Autotech on more than one claim for relief, you may award it lost profit damages only once.

Docket No. 292 at 23, 25, 27, 31.  Based on the jury instructions, the jury's damages award of $195,000 could have been based on lost profits stemming from any of Autotech's three claims and could have included "any economic losses that Autotech has had or probably will have *in the future*," damages for which Autotech is not entitled to prejudgment interest.  *Id*. at 25 (emphasis added).  Therefore, Autotech fails to show that its damages award was based on past lost profit and is entitled to prejudgment interest.  Autotech merely argues that "prejudgment [interest] begins to accrue from the time of a breach of a contract" and that "[o]ne who is damaged by a breach of a fiduciary duty may recover prejudgment interest from the date of the breach.'"  Docket No. 320 at 10 (quoting *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd*., 210 F.3d 1207, 1233 (10th Cir. 2000) (alteration omitted)).  Because Autotech has not carried its burden of proof, the Court finds that Autotech is not entitled to prejudgment interest.

Palmer does not address whether Autotech is entitled to postjudgment interest. Docket No. 322 at 6.  "The pre-judgment interest rate is set by state law, while the postjudgment rate is set by federal law, *see* 28 U.S.C. § 1961(a)."  *Youngs v. Am. Nutrition, Inc.*, 537 F.3d 1135, 1146 (10th Cir. 2008) (internal citation omitted).  Thus,

the Court finds that Autotech is entitled to postjudgment interest pursuant to 28 U.S.C.

§ 1961.

III.   **CONCLUSION**

Therefore, it is

**ORDERED** that Plaintiff's Motion for Attorney Fees and Interest [Docket No. 320]

is **GRANTED in part** and **DENIED in part**.  It is further

**ORDERED** that postjudgment interest shall accrue pursuant to 28 U.S.C. § 1961.


DATED January 21, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge